**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | |
|---|---|
| GALE PRYCZYNSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | JURY DEMAND |
| v. ) | |
| ) | |
| ZENTECH BLOOMINGTON, LLC, a ) | Case No. 2023-CV-_____ |
| Delaware limited liability company, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, GALE PRYCZYNSKI (hereinafter referred to as "PRYCZYNSKI"), by and through his attorneys, Costigan & Wollrab, P.C., and for his Complaint against the Defendant, ZENTECH BLOOMINGTON, LLC, a Delaware limited liability company (hereinafter referred to as "ZENTECH") states as follows:

**I.    JURISDICTION**

1. That this action is brought pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et. seq*, which, together with 28 U.S.C. § 1331, vests this Honorable Court with jurisdiction over this cause.

2. That PRYCZYNSKI has fully complied with all administrative prerequisites to the filing of this suit. Namely, PRYCZYNSKI timely filed a "Charge of Discrimination" with the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC") and received a "Right to Sue Letter." A true and accurate copy of the "Right to Sue Letter" that PRYCZYNSKI received from the EEOC is attached hereto and incorporated herein as "Plaintiff's Exhibit A."

3. That this Complaint is being filed within ninety (90) days of PRYCZYNSKI's receipt of the aforementioned "Right to Sue Letter."

## II. VENUE

4. That venue is properly placed in the U.S. District Court for the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. § 1391(b). PRYCZYNSKI is a resident of McLean County, Illinois and ZENTECH conducts business and maintains its principal place of business in Bloomington, McLean County, Illinois. Furthermore, the acts complained of herein occurred within the Peoria Division.

## III. PARTIES

5. That PRYCZYNSKI is a citizen of the United States, a resident of McLean County, Illinois, and is a legal adult over the age of eighteen (18).

6. That ZENTECH is a Delaware limited liability company authorized to do business in the State of Illinois and conducting business in McLean County, Illinois.

7. At all times relevant herein, ZENTECH employed more than fifteen (15) employees and constituted a covered "employer" as defined by 2000e(b) of the Civil Rights Act, 42 U.S.C. § 2000e(b).

## COUNT I
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

8. At all times relevant herein, and up to the date of the involuntary termination of PRYCZYNSKI's employment by ZENTECH on October 25, 2021, PRYCZYNSKI was an employee of ZENTECH.

9. PRYCZYNSKI is a male.

10. PRYCZYNSKI was an employee of ZENTECH from March 13, 2020 until his employment was terminated by ZENTECH on October 25, 2021.

11. ZENTECH is an electronics contract manufacturing company that offers assembly and design services for a variety of products to its customers.

12. In February of 2020, ZENTECH acquired CAMtek, Inc. Prior to the acquisition of CAMtek, Inc. by ZENTECH, CAMtek, Inc. was owned by Christine Davis, PRYCZYNSKI's wife. (hereafter "DAVIS").

13. ZENTECH formally hired PRYCZYNSKI on March 13, 2020, when the acquisition of CAMtek, Inc. by ZENTECH was finalized.

14. At all times relevant to the matters set forth in this Complaint, PRYCZYNSKI was employed by ZENTECH as an Operations Manager.

15. On or about March 13, 2020, ZENTECH entered into an Employment Agreement with DAVIS. Pursuant to the terms of that Employment Agreement, DAVIS served as the Vice President and General Manager of ZENTECH. The term of the Employment Agreement of DAVIS was from March 13, 2020 to March 13, 2023.

16. That DAVIS' employment with ZENTECH was involuntarily terminated by ZENTECH on April 25, 2021.

17. That during the period from March 13, 2020 to April 26, 2021, DAVIS remained the Vice President and General Manager of ZENTECH.

18. That on June 16, 2020, DAVIS was performing her assigned job duties for ZENTECH when the Chief Executive Officer of ZENTECH, Steve Pudles stormed into DAVIS' office and proceeded to verbally accost DAVIS; threaten, intimidate, harass and otherwise detain DAVIS in her office.

19. That on June 16, 2020, PRYCZYNSKI observed the foregoing actions of Steve Pudles that occurred in DAVIS' office; and consequently, PRYCZYNSKI attempted to enter DAVIS' office to stop the actions of Steve Pudles.

20. Following PRYCZYNSKI 's observations of Steve Pudles and PRYCZYNSKI's efforts to stop the actions of Steve Pudles occurring on June 16, 2020, PRYCZYNSKI prepared a written statement on June 16, 2020 outlining his observations of the actions of Steve Pudles committed against DAVIS on June 16, 2020.

21. PRYCZYNSKI submitted his written statement to ZENTECH's Human Resource department in accordance with ZENTECH's Sexual Harassment Policy and Anti-Harassment Policy.

22. That on April 11, 2021, DAVIS filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment, gender discrimination, retaliation and unequal terms and conditions of employment against ZENTECH.

23. That in her Complainant Cover Sheet and her Charge filed with IDHR and EEOC, PRYCZYNSKI was listed as a witness to the events of June 16, 2020.

24. An investigator was assigned to investigate the Charge of DAVIS filed with IDHR and EEOC in April of 2021; and ZENTECH received Notice of the filing of the Charge by DAVIS from IDHR and EEOC in or around mid-June of 2021.

25. The investigation of the Charge filed by DAVIS with IDHR and EEOC proceeded through the investigation process on and after April 11, 2021 and remained pending and undetermined as of October 25, 2021, the date of the termination of PRYZYNSKI's employment with ZENTECH.

26. That on June 16, 2021, DAVIS filed a Complaint at Law against ZENTECH and Steve Pudles in Mclean County Case No. 2021-L-0000080.

27. That PRYCZYNSKI was married to DAVIS at all times relevant to the matters set forth in this Complaint.

28. That PRYCZYNSKI was a witness to matters that occurred on June 16, 2020; and was a witness to matters alleged in the Charge of Discrimination filed by DAVIS and the Complaint at Law filed by DAVIS against ZENTECH.

29. That on October 25, 2021, PRYCZYNSKI was the only Operations Manager of ZENTECH in the Bloomington facility.

30. That PRYCZYNSKI was notified on October 25, 2021 that his position with ZENTECH as Operations Manager was being eliminated effective October 25, 2021.

31. That at the time of the termination of PRYCZYNSKI's employment with ZENTECH, DAVIS was advancing her legal claims and her administrative claims pending before the IDHR and the EEOC against ZENTECH and Steve Pudles.

32. That from June 16, 2020 to the date of the termination of his employment by ZENTECH, PRYCZYNSKI was meeting the legitimate business expectations of ZENTECH; and was performing his job duties as assigned.

33. That at the time of ZENTECH's termination of PRYCZYNSKI's employment; ZENTECH was hiring employees in other positions.

34. That ZENTECH's reason for eliminating PRYCZYNSKI's position as Operations Manager of ZENTECH was pretext for retaliation against PRYCZYNSKI due to his marital status and his observations, reporting and cooperation in the investigation and prosecution of claims of sexual harassment, gender discrimination, and retaliation of DAVIS.

35. That PRYCZYNSKI's written statement and reports of his observations of the conduct of Steve Pudles on June 16, 2020 set forth details of conduct by Steve Pudles toward DAVIS that PRYCYNSKI had a reasonable basis to believe constituted unlawful conduct committed by Steve Pudles, including but not limited to assault and false imprisonment.

36. That PRYCZYNSKI's reports of the wrongful conduct of Steve Pudles and PRYCYNSKI's cooperation in the legal and administrative claims filed by DAVIS against ZENTECH and Steve Pudles occurred in close time proximity to the termination of PRYCZYNSKI's employment with ZENTECH.

37. That on August 10, 2022 PRYCZYNSKI filed his own Charge of Discrimination and Retaliation against ZENTECH with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC").

38. Section 2000e-3(a) *et. seq.* of the Civil Rights Act prohibits retaliation by an employer against any employee on the basis that the employee opposed any unlawful employment practice of the employer, or because the employee made a charge, testified, assisted, or participated in any manner in an investigation thereof. 42 U.S.C. § 2000e-3(a) *et. seq.*

39. As a result of ZENTECH's retaliatory actions against PRYCZYNSKI and its violation of the applicable provisions of Title VII of the Civil Rights Act at 42 U.S.C. §2000 *et. seq.* PRYCZYNSKI has sustained damages, including, but not limited to, back pay and front pay and the lost wages and lost employee benefits attendant thereto, including, but not limited to pension benefits and other related compensation benefits, and has incurred attorney's fees and other expenses related thereto and has otherwise sustained damages compensable under the provisions of Title VII of the Civil Rights Act.

WHEREFORE, the Plaintiff, GALE PRYCZYNSKI, respectfully prays that this Honorable Court enter a judgment in favor of Plaintiff and against the Defendant, ZENTECH BLOOMINGTON, LLC, a Delaware limited liability company, ("ZENTECH") on Count I of Plaintiff's Complaint which grants the following relief:

A. Reinstatement to his position with ZENTECH with all back-pay, employee benefits, and pension benefits restored;

B. An award of front-pay and all prospective lost benefits in the event that no comparable position is available; and

C. Compensatory damages, including attorney's fees, and costs, in an amount that will fully and fairly compensate him for his injuries and damages, including, but not limited to, back-pay, front-pay, employee benefits and other emoluments of

employment occurring as a consequence of the matters alleged herein;

D. Punitive damages in an amount allowed under the applicable provisions of Title VII of the Civil Rights Act and in an amount that will encourage ZENTECH to refrain from violating the provisions of Title VII of the Civil Rights Act in the future and for any and all further relief that this Honorable Court deems equitable and just.

**PLAINTIFF, GALE PRYCZYNSKI, DEMANDS TRIAL BY A JURY ON ALL COUNTS OF THIS COMPLAINT.**

Respectfully Submitted,

Plaintiff, GALE PRYCZYNSKI,

**/s/ Dawn L. Wall**

By: _____
Ms. Dawn L. Wall
ARDC No. 6196948
Costigan & Wollrab, P.C.
308 East Washington Street
Bloomington, Illinois 61702
Telephone: (309) 828-4310
Fax: (309) 828-4325
**dwall@cwlawoffice.com**